EVE PRODUCTIONS, INC., Russ Meyer, St. Louis Orpheum Corporation, Ronnie J. Sellers, Donald S. Meyers, and Howard Flier, Plaintiffs,

v.

Thomas W. SHANNON, as Prosecuting Attorney for the City of St. Louis, Robert W. Van Dillen, as City Counselor of the City of St. Louis, Joseph Soehngen, as Sergeant in Charge of the Vice Squad of the Police Department of the City of St. Louis, and Officer Lorraine Geders, as policewoman in said squad, Defendants.

No. 70 C 29(1).

United States District Court,
E. D. Missouri, E. D.

Feb. 13, 1970.

Paul B. Rava and Albert J. Stephan, Jr., Lashly, Caruthers, Rava, Hyndman & Rutherford, St. Louis, Mo., for plaintiffs.

Gerald L. Birnbaum, Asst. Pros. Atty., for Thomas W. Shannon.

Robert W. VanDillen, pro se.

Eugene P. Freeman, and John J. Fitz-Gibbon, Associate City Counselors, for Joseph Soehngen and Lorraine Geders.

## MEMORANDUM OPINION

HARPER, Chief Judge.

This action was brought by plaintiffs, seeking a temporary restraining order and temporary and permanent injunctions against the defendants.

Plaintiff, Eve Productions, Inc., is the distributor of the motion picture film "Vixen"; plaintiff Meyer is the creator, director and producer of "Vixen"; plaintiff, St. Louis Orpheum Corporation (Loew's), is the owner and operator of Loew's Mid-City motion picture theatre; plaintiffs Sellers and Meyers are managers of two theatres owned by or affiliated with St. Louis Orpheum Corporation; and plaintiff Flier is the projectionist at Loew's Mid-City Theatre.

Defendant Shannon is the prosecuting attorney; defendant Van Dillen is the city counselor; defendant Soehngen is a police sergeant; and defendant Geders is a policewoman; all of the City of St. Louis.

Jurisdiction is asserted under 28 U.S.C.A. §§ 1331, 1343(3) and (4) and 42 U.S.C.A. § 1983. The complaint alleges in substance as follows:

Plaintiff Loew's booked the film "Vixen" for exhibition from December 26, 1969, until January 22, 1970, subject to extension by Loew's from plaintiffs Meyer and Eve Productions, Inc.; that Loew's advertised the film as "X", restricted to adult audiences exclusively and did so restrict admission to the film; that the film "Vixen" was displayed; that on January 12, 1970, a group of plainclothes detectives entered Loew's Mid-City Theatre without prior notice and without warrants and seized four reels of the print of "Vixen", miscellaneous advertising material and other items; that the manager and projectionist were arrested for allegedly exhibiting an obscene film; that later that day plaintiff Meyers was arrested for allegedly advertising an obscene film; that criminal prosecutions are now pending; that no adversary hearing was held prior to the seizure of the film to determine its obscenity; that defendants have concertedly entered a program of seizing film on the basis of alleged obscenity without a prior adversary hearing, but based on their own conclusory assertions in viola-

tion of the United States Constitution; that plaintiffs have requested the return of the film which has been refused; that defendants' conduct is bad faith enforcement of the law; that the seizure and holding of the film will cause economic harm to the plaintiffs, deprive the public of its right to view the film and plaintiffs of their right to exhibit the film; that plaintiffs' remedy at law is inadequate and the injury irreparable. Supporting exhibits and affidavits are attached to the complaint.

Plaintiffs seek the return of the film and the paraphernalia seized, and the suppression of such material as evidence in any pending or future prosecutions and the restraint of the defendants from future unlawful searches and seizures. Further, plaintiffs seek to enjoin the pending prosecutions of the plaintiffs arising out of the arrests made on January 12, 1970. All parties on January 30, 1970, filed return to the order to show cause, and in addition motions to dismiss were filed. The court reserved ruling on the motions. A hearing was held on January 30, 1970. By consent of all parties, the matter was heard on the merits.

No charges are presently pending against any of the plaintiffs under the Missouri obscenity statute. The pending state court prosecutions referred to herein are prosecutions in the City Court under two ordinances of the City of St. Louis dealing with obscenity. It is noted that the plaintiffs have not in any way challenged the constitutionality of the Missouri statute or the ordinances of the City of St. Louis with respect to obscenity.

Any injunction such as has been applied for here would substantially interfere with the prosecution and adjudication of pending state court proceedings. Therefore, in addition to determining whether plaintiffs have shown facts justifying the extraordinary remedy of injunction, it must be determined whether plaintiffs have made the necessary showing for an order staying the state prosecutions.

28 U.S.C.A. § 2283 provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

■ A definite limitation has been placed on the federal court's power to interfere with state court proceedings. And it is this court's opinion that 42 U.S.C.A. § 1983 is not an expressly authorized exception to it. Koen v. Long, 302 F.Supp. 1383 (E.D.Mo.1969); Brooks v. Briley, 274 F.Supp. 538, aff'd 391 U.S. 361, 88 S.Ct. 1671, 20 L.Ed.2d 647.

■ Plaintiffs have asserted that they are being harassed by a bad faith prosecution. Plaintiffs have based this assertion on their contentions that the seizure of the films and other materials was unlawful for lack of prior notice and of an adversary hearing on the issue of obscenity; and that defendants knew that such was illegal and had been told so by counsel. These are hardly indicia of a prosecution commenced without regard to its eventual success or failure, but solely for the purposes of harassment. Plaintiffs' assertions are totally conclusory and without support in the facts. There is absolutely nothing before this court to indicate that defendants have resorted to tactics designed to impose continuing harassment in order to discourage protected activities, nor is there any evidence of selective enforcement of the ordinances involved. In fact, the testimony is to the contrary.

The credible evidence presented concerning the enforcement shows that the prosecutions were commenced in good faith. Plaintiffs introduced testimony given by Policewoman Geders on deposition relating to the events leading up to the arrests and seizure of the property involved. Detective Geders testified that she has been a policewoman for fourteen years, a member of the Vice Division for eight years, and for five years has been

assigned to viewing movies with the aim of enforcing the obscenity laws. With respect to the movie "Vixen", Detective Geders stated that she viewed the film in its entirety as a part of her police duties on January 3, 1970. On January 7, 1970, Detective Geders met with other police officers in the City Counselor's office with the City Counselor and Mr. Freeman, the assistant City Counselor. At that meeting the officers related the contents of the movie "Vixen" and asked for a legal opinion as to the elements of obscenity and the proper procedures necessary to make arrests for violation of obscenity laws. Investigation continued, and on January 12th, Detective Geders, and other police officers, again viewed the movie "Vixen" in its entirety. Immediately thereafter, the officers arrested the manager and the projectionist for violation of obscenity laws and conducted a search resulting in the seizure of the items in question here. The above testimony, produced by plaintiffs, shows good faith, rather than bad faith, enforcement of the law.

■ Apart from plaintiffs' failure to show defendants' bad faith, plaintiffs lack grounds for the extraordinary remedy of injunction. Such interference upon state criminal processes is permissible only in those exceptional cases where the injunction is necessary to prevent irreparable injury which is clear and imminent or where the danger of such injury is both great and immediate. Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943); and see, Cameron v. Johnson, 390 U.S. 611, 88 S. Ct. 1335, 20 L.Ed.2d 182 (1968); Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

In *Dombrowski*, the Supreme Court ordered that an injunction issue where the free exercise of First Amendment rights was being chilled by prosecutions under a state statute which was void on its face. Plaintiffs here have not attacked the constitutionality of the state statute or of the ordinances under which the pros-

ecutions are pending. Abstention may well serve its proper purpose here.

This court stated in Koen v. Long, supra, 302 F.Supp. at 1401:

"The court in Douglas v. City of Jeannette, supra, 319 U.S. at 164, 63 S.Ct. at 881 had this to say: 'It does not appear from the record that petitioners have been threatened with any injury other than incidental to every criminal proceeding brought lawfully and in good faith.'

"This language is applicable to the situation before the court. No person should be immune from prosecution in good faith for his alleged criminal acts.  *  *  *"

The language is equally applicable here. The plaintiffs have made no claim that the movie "Vixen" is not obscene. The radio commercials in evidence perhaps indicate why the plaintiffs make no such claim. The newspaper advertising attached to the complaint also throws light on this matter. Plaintiffs' position is simply that whether or not the film is obscene, the Constitution of the United States demands that there be an adversary hearing on the issue of obscenity prior to the seizure of the film for use of evidence in criminal prosecutions. If the contentions of the plaintiffs are correct, the standard is applicable to the state court as well as this court.

■ Plaintiffs have alleged that their remedy in the state court is inadequate. This court cannot assume that the state courts and prosecutors will not observe the constitutional limitations established by the United States Supreme Court. The mere possibility of erroneous initial application of such standards does not amount to an irreparable injury. Dombrowski v. Pfister, 380 U.S. at 485, 85 S.Ct. 1116.

■ The evidence in this case establishes the very opposite. There is but one case in point, but it clearly shows an adequate remedy in the state court. Plaintiffs allege that the defendants engaged in identical conduct involving the film "Finders Keepers Losers Weepers",

which met with disapproval and adverse ruling in State of Missouri v. Mid America Theatre Management Company, Cause No. 82, St. Louis Court of Criminal Correction, May, 1969. The record in that case which plaintiffs presented shows that the defendant filed a motion to quash the information and suppress the evidence on grounds substantially similar to those asserted here. Within a few days the motion was sustained. The film was ordered returned, was returned, and the prosecution entered a nolle prosequi. The complaint plaintiffs have asserted is against state officials, but in reality the plaintiffs are complaining about the state courts. However, the plaintiffs have shown that relief is available in the state courts. Basically, the plaintiffs want the film returned. That relief is available in the state courts based on the only such instance in the past. In any event, it would seem that the film may not be necessary for the pending prosecutions. At least one police officer saw the film in its entirety two times and could certainly testify as to what she saw and heard. Such a matter is not for this court to rule on, and the court refrains from ruling.

■■ Plaintiffs have also alleged irreparable injury based on their contention that their First Amendment right to exhibit the film is being violated and the right of the public to view the film is being violated. Certainly, non-obscene motion pictures are within the protection of the First Amendment. Joseph Burstyn, Inc. v. Wilson, 343 U.S. 495, 72 S.Ct. 777, 96 L.Ed. 1098 (1952). These rights are not being irreparably injured by the temporary unavailability of the films, particularly in view of the adequate remedy in the state courts and the good faith prosecution pursuant to unchallenged state laws. This court is not here ruling on the merits of plaintiffs' contentions.

■ A federal injunction dealing with state law enforcement is an extraordinary remedy. It requires much to induce its use. Plaintiffs have here failed to make the necessary showing of bad faith enforcement for the purpose of harassment and chilling required. They have failed to show the required irreparable injury under *Cameron*, supra, or of the special circumstances that would warrant federal intervention of the normal pattern of law enforcement. The plaintiffs have failed to make the proof necessary to grant the relief requested in their complaint with respect to the action of the defendants in depriving plaintiffs of their constitutional rights.

At the close of the evidence on behalf of the plaintiffs all defendants orally moved for a directed verdict. The court sustained the motion. The credible evidence did not support plaintiffs' contentions as set out above, and further, this is a case for abstention in favor of the state courts.

This memorandum opinion is adopted by the court as its findings of fact and conclusions of law and the clerk will prepare and enter the proper order dismissing the action and giving judgment to the defendants herein.

Costs will be taxed against the plaintiffs herein.