EVE PRODUCTIONS, INC., Russ Meyer, St. Louis Orpheum Corporation, Ronnie J. Sellers, Donald S. Meyers and Howard Flier, Appellants,

v.

Thomas W. SHANNON, as Prosecuting Attorney for the City of St. Louis, Robert W. Van Dillen, as City Counselor of the City of St. Louis, Joseph Soehngen, as Sergeant in Charge of the Vice Squad of the Police Department of the City of St. Louis, and Officer Lorraine Geders, as Policewoman in Said Squad, Appellees.

No. 20308.

United States Court of Appeals, Eighth Circuit.

March 16, 1971.

Albert J. Stephan, Jr., Paul B. Rava, St. Louis, Mo., for appellants; Elmer Gertz, Chicago, Ill., Lashly, Caruthers, Rava, Hyndman & Rutherford, St. Louis, Mo., of counsel.

Bernard Edelman, Asst. Pros. Atty., St. Louis, Mo., for Thomas W. Shannon.

Robert W. Van Dillen, City Counselor, Eugene P. Freeman, John J. Fitzgibbon, Associate City Counselors, St. Louis, Mo., for Robert W. Van Dillen, Joseph Soehngen and Officer Lorraine Geders.

Before VAN OOSTERHOUT, GIBSON and LAY, Circuit Judges.

PER CURIAM.

This appeal arises from the federal district court's denial of injunctive relief from prosecution in St. Louis City Court under two municipal obscenity ordinances. Plaintiff, Eve Productions, Inc., is the distributor of the motion picture film "Vixen"; plaintiff Meyer is the creator, director and producer of "Vixen"; plaintiff, St. Louis Orpheum Corporation (Loew's), is the owner and operator of Loew's Mid-City motion picture theatre; plaintiffs Sellers and Meyers are managers of two theatres owned by or affiliated with St. Louis Orpheum Corporation; and plaintiff Flier is the projectionist at Loew's Mid-City Theatre. Jurisdiction is asserted under 28 U.S.C.A. §§ 1331, 1343(3) and (4) and 42 U.S.C.A. § 1983. The film "Vixen," an "X" rated movie, was seized by city officials from a downtown theatre in St. Louis. After the arrest of the manager and projectionist of the theatre, a temporary restraining order and a permanent injunction was sought in federal district court against further prosecution by the city. Plaintiffs asserted that the seizure of the film was in violation of their constitutional rights in that it was seized without notice and without a prior adversary hearing to determine whether the film was obscene. The trial court denied plaintiffs relief, refusing to enjoin the prosecution by the City of St. Louis, and did not require the return of the film as requested. The district

court's opinion is found at 312 F.Supp. 26.

In its opinion handed down on February 13, 1970, the court refused to enjoin prosecution on its finding that no bad faith or harassment was involved. The court properly observed:

" * * * [I]nterference upon state criminal processes is permissible only in those exceptional cases where the injunction is necessary to prevent irreparable injury which is clear and imminent or where the danger of such injury is both great and immediate." 312 F.Supp. at 29.

Discussion of the various cases existing in this area is not necessary. On February 23, 1971, the Supreme Court of the United States held that intrusion by federal process into state criminal proceedings must rest upon a showing of "proven harassment" in "bad faith" or where "irreparable injury" can be shown. Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971). See also Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971); Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971).

Furthermore, it is now clear under the above authority that any order suppressing evidence for use in the pending state prosecution or a direction to return the seized materials would have been improper. Perez v. Ledesma, supra. In Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951), Mr. Justice Frankfurter earlier observed:

"We hold that the federal courts should refuse to intervene in State criminal proceedings to suppress the use of evidence even when claimed to have been secured by unlawful search and seizure. The maxim that equity will not enjoin a criminal prosecution summarizes centuries of weighty experience in Anglo-American law. It is impressively reinforced when not merely the relations between coordinate courts but between coordinate political authorities are in issue. The special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law, has been an historic concern of congressional enactment, see, e. g., 28 U.S.C. §§ 1341, 1342, 2283, 2284(5). This concern has been reflected in decisions of this Court, not governed by explicit congressional requirement, bearing on a State's enforcement of its criminal law." 342 U.S. at 120–121, 72 S.Ct. at 120.

We have reviewed the facts and contentions of the respective parties and find no basis to suggest bad faith, harassment or irreparable harm. There is no showing that the state courts will not adhere to federal constitutional requirements in processing the pending city court prosecutions.[1]

Judgment affirmed.

---

1. A three-judge court in Carter v. Gautier, 305 F.Supp. 1098 (M.D.Ga.1969), determined that the seizure of the film "Vixen" was "constitutionally deficient because its owners and possessors were not first allowed an adversary hearing on the question of its obscenity." Cf. United States v. Alexander, 428 F.2d 1169 (8 Cir. 1970). Nevertheless, for the same reasons we have set forth in our opinion, the Georgia District Court refused to intervene in the state prosecution.