RIALTO THEATRE COMPANY, a Delaware corporation, Appellant in 18,914 and 19,117 and Richard F. Lewis, Jr.

v.

CITY OF WILMINGTON, a Delaware Municipal Corp., Harry G. Haskell, Jr., Mayor of the City of Wilmington, William J. O'Rourke, Safety Commissioner of the City of Wilmington and John T. McCool, Chief of Police of the City of Wilmington.

Appeal of Richard F. LEWIS, Jr., in 18,915 and 19,118.

Nos. 18914, 18915, 19117 and 19118.

United States Court of Appeals, Third Circuit.

Argued March 2, 1971.

Decided April 19, 1971.

William E. Taylor, Jr., Taylor & Lindh, Paul & Abramo, Wilmington, Del., for appellants.

Clement C. Wood, First Asst. City Sol., Wilmington, Del., for appellees.

Before HASTIE, Chief Judge, and ADAMS and GIBBONS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

In March, 1970, several officers of the Wilmington Police Department viewed certain films being exhibited at the Rialto Theatre in Wilmington, Delaware. Shortly thereafter, pursuant to a search warrant and an arrest warrant, the Wilmington Police seized the films in question and arrested appellant Lewis for violations of the Wilmington Obscenity Ordinance.

In order to vindicate the federal rights allegedly violated by the actions of the Wilmington Police, Lewis and the Rialto Theatre filed a complaint in the District Court of the District of Delaware. The complaint demanded the re-

turn of the seized films, a declaration that the Wilmington Obscenity Ordinance is unconstitutional on its face, a temporary restraining order, and a preliminary injunction prohibiting the enforcement of the Ordinance against Lewis and the Rialto Theatre. The District Court dismissed the complaint, but ordered that the police return the seized films to the plaintiffs on the condition that plaintiffs keep the films available so that they might be subpoenaed by the City.

Following the District Court's entry of the order of dismissal, the plaintiffs filed an amended complaint alleging substantially the same facts as they did in the original complaint, and seeking relief similar to that requested in the first complaint. However, the amended complaint alleged for the first time the existence of bad faith as the motivation underlying the City's prosecution of Lewis. In addition, the amended complaint asked the District Court to alter its original order so as to relieve the plaintiffs of the requirement that they retain possession of the allegedly obscene films. After a hearing the District Court found that the affidavits submitted by the plaintiffs were insufficient to demonstrate bad faith on the part of the Wilmington Police, dismissed the amended complaint, and refused to modify its original order regarding the requirement that the plaintiffs retain possession of the films.

Subsequent to the judgment of the District Court, the Supreme Court decided a series of cases which clarify the guiding principles to be applied when federal courts are asked, as was done here, to interfere with the orderly disposition of state prosecutions. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (filed February 23, 1971); Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (filed February 23, 1971); Byrne v. Karalexis, 400 U.S. 924, 91 S.Ct. 183, 27 L.Ed.2d 184 (filed February 23, 1971); Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed. 696 (filed February 23, 1971); Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (filed February 23, 1971).

Applied to the circumstances of the present case, the decisions of the Supreme Court announced on February 23, 1971 make it clear that the District Court properly dismissed both the original and amended complaint. However, the portion of the District Court's order requiring the City to return the seized films may have been an improper federal interference with a state prosecution. Accordingly, the case will be remanded to the District Court so that it may revise its order to conform to the principles enunciated in the Younger v. Harris series of cases, and to initiate whatever action is appropriate to return the parties to the status quo existing prior to the Court's original order.[1]

---

1. We express no view as to the constitutionality of the seizure of the films in question. See, for example, Cambist Films, Inc. v. Duggan, 420 F.2d 687 (3rd Cir. 1969). If any of the plaintiffs' rights have been violated during their criminal trial, the State Courts should provide an adequate forum for the vindication of such rights according to established doctrines of constitutional law.