RIALTO THEATRE COMPANY, a Dela-
ware corporation, Appellant in No. 71–
1633, and Richard F. Lewis, Jr.

v.

CITY OF WILMINGTON, a Delaware
Municipal Corp., et al.

Appeal of Richard F. LEWIS, Jr.,
in No. 71–1634.

Nos. 71–1633, 71–1634.

United States Court of Appeals,
Third Circuit.

Submitted under 3rd Cir. Rule 12(6)
May 4, 1972.

Decided May 19, 1972.

William E. Taylor, Jr., Wilmington,
Del., for appellants.

Clement C. Wood, First Asst. City
Sol., Wilmington, Del., for appellee.

Before VAN DUSEN, GIBBONS and
JAMES ROSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Appellants seek review of an order of
the district court requiring them to fur-
nish to the City Solicitor of the City of
Wilmington a copy of certain films
needed as evidence in a pending criminal
prosecution. The case, which originated
as a suit to enjoin prosecution under an
ordinance of the City of Wilmington
prohibiting exhibition of obscene mate-
rials, was before us heretofore. Rialto
Theatre Company v. City of Wilmington,
440 F.2d 1326, 1327 (3d Cir. 1971). In
that case we held that the district court
had properly dismissed both the original
and an amended complaint, but that the
portion of the district court's order re-
quiring the City to return films seized
pursuant to a search warrant may have
been an improper federal interference
with a state prosecution. We remanded
so that the district court could revise its
order to conform to the principles enun-
ciated in Perez v. Ledesma, 401 U.S. 82,
91 S.Ct. 674, 27 L.Ed.2d 701 (1971).
See also Younger v. Harris, 401 U.S. 37,
91 S.Ct. 746, 27 L.Ed.2d 669 (1971);
Samuels v. Mackell, 401 U.S. 66, 91 S.Ct.
764, 27 L.Ed.2d 688 (1971); Boyle v.
Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.

Ed.2d 696 (1971); Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971); Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971).

A return to the status quo prior to the district court's order was necessary in order to prevent the removal of the films beyond the reach of a Delaware subpoena or warrant for seizure. On remand the district court complied with our mandate by ordering a return to the status quo ante in which the City Solicitor of Wilmington had possession of the films as a result of a seizure pursuant to a warrant. The appeal from this order presents the same issues that were considered in our prior decision. We said then, and we reiterate, that we express no view as to the constitutionality of the warrant seizure. Any such issue may be raised in the pending Delaware prosecution. *See* Perez v. Ledesma, *supra*; Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951); Eve Productions, Inc. v. Shannon, 439 F.2d 1073 (8th Cir. 1971); Overstock Book Co. v. Barry, 436 F.2d 1289 (2d Cir. 1970).

The order of the district court will be affirmed.