## BYRNE, DISTRICT ATTORNEY OF SUFFOLK COUNTY, ET AL. *v.* KARALEXIS ET AL.

No. 83.   Argued April 30, 1970—Reargued November 17, 1970—
Decided February 23, 1971

*Robert H. Quinn,* Attorney General of Massachusetts, *pro se,* reargued the cause for appellants.   With him on the brief were *Joseph J. Hurley,* First Assistant Attorney General, *John J. Irwin, Jr., Ruth I. Abrams,* and *Lawrence P. Cohen,* Assistant Attorneys General, *Garrett H. Byrne, pro se,* and *Theodore A. Glynn, Jr.*

*Nathan Lewin* and *Alan M. Dershowitz* argued the cause for appellees on the reargument.   *Edward de Grazia* and *Mr. Lewin* argued the cause for appellees on the original argument.   With them on the brief was *Herbert S. Swartz.*

*Peter L. Strauss* argued the cause for the United States on the reargument as *amicus curiae* urging reversal. *Francis X. Beytagh, Jr.,* argued the cause for the United States on the original argument. With them on the brief were *Solicitor General Griswold, Assistant Attorney General Wilson, Jerome M. Feit,* and *Roger A. Pauley.*

Briefs of *amici curiae* urging affirmance were filed by *Stanley Fleishman* and *Sam Rosenwein* for National General Corp. et al., and by *Thomas R. Asher, Michael Schneiderman,* and *Melvin L. Wulf* for the American Civil Liberties Union et al.

PER CURIAM.

This is an appeal from the order of a three-judge court granting a preliminary injunction against any civil or criminal proceedings in state courts against the appellees. Appellant Byrne is the district attorney of Suffolk County, Massachusetts. The appellees own and operate a motion picture theater in Boston. As a result of exhibiting the film entitled "I am Curious (Yellow)" at their theater, appellees were charged by District Attorney Byrne with violating Massachusetts General Laws, Chapter 272, § 28A, which prohibits the possession of obscene films for the purpose of exhibition.[1]

After the filing of the original state indictments against them appellees brought the present action in federal

---

[1] Mass. Gen. Laws, c. 272, § 28A, provides:

"Importing, printing, distributing or possessing obscene things.

"Whoever imports, prints, publishes, sells or distributes a pamphlet, ballad, printed paper, phonographic record, or other thing which is obscene, indecent or impure, or an obscene, indecent or impure print, picture, figure, image or description, or buys, procures, receives or has in his possession any such pamphlet, ballad, printed paper, phonographic record, obscene, indecent or impure print, picture, figure, image or other thing, for the purpose of sale, exhibition, loan or circulation, shall be punished . . . ."

court.[2] They sought an injunction against both pending and future prosecutions under the Massachusetts obscenity law, and a declaration that the state obscenity law was unconstitutional on its face and as applied.[3] The

---

[2] While the federal action was pending those indictments were dismissed for defects under Massachusetts law and new state indictments were returned. Under these circumstances we treat the state prosecution as pending at the time the federal suit was initiated.

[3] The appellees' prayer for relief, as amended, read as follows:

"Wherefore, plaintiffs pray:

"(1) That a preliminary injunction and a permanent injunction be granted prohibiting the defendant, his agents or servants, from any further seizures of prints of the motion picture 'I Am Curious (Yellow)' without a prior adversary proceeding in an appropriate court in Massachusetts as to the alleged obscenity of the motion picture.

"(2) That the Court order the defendant to return to the plaintiffs herein the print of the motion picture 'I Am Curious (Yellow)' seized by the defendant, his agents or servants, on Thursday, May 29, 1969; that the Court order the suppression of its evidence in the cases now pending against the plaintiffs herein in Suffolk Superior Court as aforesaid; both for the reason that there was no prior adversary proceeding before seizure of the print, which was then exhibited to the Grand Jury and the basis upon which indictments were returned.

"(3) That this Court order a preliminary injunction, and that following appropriate hearing, a permanent injunction, against the defendant, his agents or servants, from any further continuation of the prosecution of the plaintiffs herein in the said six actions now pending in the Suffolk Superior Court (Docket numbers 42587, through 42592) until such time as the said Sections 32 and 28A of Massachusetts General Laws, Chapter 272, have been appropriately altered and amended.

"(4) Your plaintiffs further pray that an injunction issue restraining this prosecution of the motion picture 'I Am Curious (Yellow),' or any further prosecution in this jurisdiction of the motion picture 'I Am Curious (Yellow)' on the grounds that it is 'allegedly obscene.' Plaintiffs contend and pray herein on the basis that any such prosecution is 'without hope of success.' . . .

"(5) That this Court declare and say that Section 28A of Chapter 272 of the Massachusetts General Laws is unconstitutional

three-judge District Court held that appellees had a probability of success in having the statute declared unconstitutional, that abstention would be improper, and that appellees might suffer irreparable injury if they were unable to show the film. The three-judge court, one judge dissenting, therefore granted a preliminary injunction, forbidding the initiation of any future prosecutions or the execution of the sentence imposed in the state proceedings then pending. 306 F. Supp. 1363 (1969). The district attorney appealed. We granted a stay of the district court order, 396 U. S. 976 (1969), and subsequently noted probable jurisdiction, 397 U. S. 985 (1970).

---

of [*sic*] its face, and unconstitutional in its application to the plaintiffs herein, all in accordance with Title 28 U. S. C., Section 2201.

"(6) That this Court declare and say that the motion picture 'I Am Curious (Yellow)' is not obscene within the constitutional definition of obscenity as set forth by the United States Supreme Court in *Redrup* v. *New York*, 386 U. S. 767 (1967). . . .

"(7) That this Court restrain any future prosecutions of the motion picture 'I Am Curious (Yellow)' on the grounds that it is 'allegedly obscene' within the terms of Section 28A of Chapter 272, for the reason that there is no way that any future defendant in such prosecution could 'know the work to be obscene.'

"(8) That any further prosecutions of the motion picture 'I Am Curious (Yellow)' on the grounds that it is 'allegedly obscene' and therefore violative of Section 28A of Chapter 272 of Massachusetts General Laws be restrained until such time as the Massachusetts courts affirm that the standards for finding a work obscene within the constitutional definition of obscenity as set forth in *Redrup* v. *New York*, *supra*, are that—(1) That the work was being shown to those under the age of 18; (2) Or that the work was an invasion of privacy; or (3) That the work was being advertised in a 'pandering' manner.

"(9) That this Court issue an injunction restraining any further prosecutions of the plaintiffs herein for the showing of the motion picture 'I Am Curious (Yellow)' on the grounds that any prosecution is 'without hope of success' . . . .

"(10) For such other and further relief as this Court shall deem essential or proper in accordance with Equity and Law."

In discussing the subject of irreparable injury, the court said:

"We do not agree with defendant's contention that there is no indication of irreparable injury. Even if money damages could be thought in some cases adequate compensation for delay, this defendant will presumably be immune. We agree with plaintiffs that the box office receipts, if there is a substantial delay, can be expected to be smaller. A moving picture may well be a diminishing asset. It has been said, also, that in assessing injury the chilling effect upon the freedom of expression of others is to be considered. *See* Dombrowski v. Pfister, 1965, 380 U. S. 479, 486–489." 306 F. Supp., at 1367.

There was, however, no finding by the District Court that the threat to appellees' federally protected rights is "one that cannot be eliminated by [their] defense against a single criminal prosecution." *Younger* v. *Harris, ante,* p. 37, at 46. Because the District Court, in considering the propriety of injunctive and declaratory relief in this case, was without the guidance provided today by our decisions in *Younger* v. *Harris, supra,* and *Samuels* v. *Mackell, ante,* p. 66, we vacate the judgment below and remand for reconsideration in light of those decisions.

*It is so ordered.*

MR. JUSTICE DOUGLAS took no part in the consideration or decision of this appeal.

[For concurring opinion of MR. JUSTICE STEWART, see *ante,* p. 54.]

MR. JUSTICE BRENNAN, with whom MR. JUSTICE WHITE and MR. JUSTICE MARSHALL join, dissenting.

The injunction appealed from issued December 6, 1969, after appellees' convictions in state court on November 12,

1969, of exhibiting an obscene film in violation of state law. In the absence of any showing of bad faith or harassment, appellees were therefore obliged to pursue their constitutional defenses on appeal from the convictions to the state appellate court, and the Federal District Court erred in enjoining appellants from interfering with future showings of the film. *Freedman* v. *Maryland,* 380 U. S. 51, 60 (1965), limited to preservation of the status quo for the shortest, fixed period compatible with sound judicial resolution, any restraint imposed in advance of prompt, final, judicial determination of the question of the film's alleged obscenity. See also *Lee Art Theater* v. *Virginia,* 392 U. S. 636 (1968). But there was no interference from July through November; appellant Byrne honored a stipulation made July 15 in federal court not to seize the film or interfere with its exhibition pending the outcome of the trial. Byrne withdrew from the stipulation and threatened to move against further exhibition of the film only after the convictions were obtained. Clearly, he was not required to continue to stay his hand pending the outcome of appeals from the convictions; *Freedman* was satisfied by a "prompt judicial decision *by the trial court,*" *Teitel Film Corp.* v. *Cusack,* 390 U. S. 139, 142 (1968) (emphasis supplied); *Interstate Circuit, Inc.* v. *City of Dallas,* 390 U. S. 676, 690 n. 22 (1968). Rather than remand I would therefore reverse the judgment of the District Court for the reasons stated in my opinion in *Perez* v. *Ledesma, ante,* p. 93.