**COL–AN ENTERTAINMENT CORPORATION, a Florida corporation, and Michael E. Levin, individually, Plaintiffs,**

**v.**

**Carl H. HARPER, as County Solicitor of Escambia County, Florida, Royal J. Untreiner, as Sheriff of Escambia County, Florida, J. E. "Al" Harrison, as Constable of the First District of Escambia County, Florida, and Ernie Lee Magaha, as Clerk of the Court of Record of Escambia County, Florida, Defendants.**

**No. PCA 2294.**

United States District Court, N. D. Florida, Pensacola Division.

March 2, 1971.

Probable Jurisdiction Noted May 3, 1971.

See 91 S.Ct. 1622.

Paul Shimek, Pensacola, Fla., for plaintiff.

R. H. Merritt, Edward F. Wicke, James E. Hertz, Pensacola, Fla., Atty. Gen., State of Florida, Tallahassee, Fla., for defendants.

Before RONEY, Circuit Judge, and SCOTT and ARNOW, District Judges.

### FINAL JUDGMENT

PER CURIAM.

This matter comes before this Court ripe for final decision.

Evidence has been taken, argument of counsel has been heard, and the Court is advised.

Before the Court at this hearing are the recent opinions of the Supreme Court of the United States entered on February 23, 1971, such being as follows: Younger v. Harris, 400 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971); Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971).

This Court finds here presented no irreparable harm and injury that is both great and immediate, and no bad faith enforcement, sufficient to justify injunctive relief within the meaning of these opinions.

It therefore concludes that no injunctive relief should be granted, and that the prior temporary restraining order entered by the single judge should be dissolved.

At the time of this hearing, there are pending state court prosecutions in which all constitutional questions of Plaintiffs concerning the state statutes involved may be presented. Under these current decisions of the Supreme Court, this Court concludes that, for that reason, declaratory relief here sought respecting them should not be granted.

For these reasons, this Court should and does now proceed to final judgment, denying the relief sought and dismissing this action.

While Plaintiffs, in their complaint, raise questions respecting Florida's nuisance statutes and a local ordinance, there is nothing in the evidence before the Court requiring or justifying any action by this Court on such questions.

Accordingly, it is

Ordered and adjudged as follows:

1. The temporary restraining order entered by the single judge on February 12, 1971 is hereby dissolved, vacated and set aside.

2. The prayer for the injunctive relief sought by Plaintiffs is hereby denied.

3. All other relief sought by Plaintiffs in this suit is hereby denied, and this suit is hereby dismissed at Plaintiffs' cost.