**Sandra MONTGOMERY, d/b/a Seven Veils**

v.

**H. B. SHORT, Chief of Police, City of Houston Police Department.**

Civ. A. No. 71–H–181.

United States District Court,
S. D. Texas,
Houston Division.

March 8, 1971.

David Ball, Jr., Houston, Tex., for plaintiff.

William A. Olson, City Atty. (Joseph G. Rollins, Senior Asst. City Atty., and Stephen W. Bartlett, Asst. City Atty.), Houston, Tex., for defendant.

MEMORANDUM AND ORDER:

HANNAY, District Judge.

Plaintiff filed this suit seeking a temporary restraining order, temporary injunction, permanent injunction, and a three-judge-court to declare a state statute and a local ordinance unconstitutional. 28 U.S.C.A. Sections 2281 and 2284; 42 U.S.C.A. Section 1983.

A hearing was subsequently held on plaintiff's application for a temporary injunction and for the convening of a three-judge-court. For the reasons hereinafter set out plaintiff's requests for injunctive relief and a three-judge-court will be denied and this suit will be dismissed.

On February 13, 1970, the plaintiff, Sandra Montgomery d/b/a Seven Veils, opened for business an establishment by that name at 3305 Montrose, Houston, Texas. On opening night, what was referred to .by plaintiff as two "staged acts," were presented at the Seven Veils. The first act consisted of a male dressed in a gorilla costume giving chase and attempting to rape a female who originally appeared fully clothed, but by the termination of the act had managed to become completely nude. The second act consisted of a totally nude male and a totally nude female on a water bed engaged, according to plaintiff's testimony, in "simulated" sexual intercourse. Evidence adduced at the hearing indicated that the two totally nude participants by their movements, contact with each other and relative positions (four of which were graphically described by the plaintiff on cross-examination) intended to suggest and indeed very vividly and unquestionably did suggest the act of sexual intercourse. Apparently the *only* missing ingredient was actual penetration of the female genital organ. Also included were various efforts at oral fondling of the genital areas of the participants. It should be noted for purposes of demonstrating plaintiff's first hand knowledge of the events as described above, that, in addition to her ownership of the Seven Veils, she was also the female participant in the staged acts.

Sometime during the second staged act of the opening night performance plaintiff and several of her employees were arrested by officers of the Houston Police Department and subsequently charged with Vagrancy and Indecent Exposure. The relevant statute and ordinance involved are Article 607 of the Texas Penal Code, Sections (16) (19) and (20) and Section 28–42 of the City Ordinance of Houston, Texas.*

Plaintiff testified that she had invested approximately $3,000.00 in her "Seven Veils" venture. This amount apparently encompasses the cost of rental arrangements, legal fees, physical improvements to the premises and related expenses of doing business, including at least one advertisement in a local newspaper billing the show at the Seven Veils as "live on stage the act of love." There was further hearsay testimony from both the plaintiff and her attorney to the effect that they were told by unidentified officers of the Houston Police Department that future arrests would be made by that department in the event the same show as mentioned above was continued. However, no showing or contention was made by the plaintiff that she would be prohibited from operating her business in a lawful manner.

Plaintiff, in this federal forum, challenges the constitutionality of the above statute and ordinance on the ground of vagueness, or lack of adequate definition.

* See Appendix A.

■ The Supreme Court of the United States has most recently, in a series of cases handed down on February 23, 1971, spoken to the subject of federal court interference with pending state criminal prosecutions. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971); Samuels v. Mackell, 401 U.S. 66, 91 S. Ct. 764, 27 L.Ed.2d 688 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971); Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971). These recent cases and those discussed and cited therein very strongly indicate that the availability of federal injunctive relief against pending state criminal prosecutions has been severely curtailed in the area of First Amendment rights of expression. Thus federal interference, even to the extent of granting preliminary restraining orders and convening three-judge-courts is by far the exception rather than the rule.

■ Independent of any obstacles posed by the federal antiinjunction statute, the central prerequisite to federal court intervention in the present context, as in the normal case of extraordinary equitable relief, is a showing by the applicant of irreparable injury. In addition, even irreparable injury is insufficient unless it is 'both great and immediate.'" Younger v. Harris, *supra*. The Court in *Younger* further stated:

Certain types of injury in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

401 U.S. at 46, 91 S.Ct. at 751.

The *Younger* case additionally stressed the importance and necessity of showing bad faith or harassment on the part of the law enforcement authorities. Younger v. Harris, *supra* at page 49, 91 S.Ct. 753; Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968).

Concerning the declaratory judgment relief prayed for by applicant, the case of Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, holds that:

[I]n cases where the state criminal prosecution was begun prior to the federal suit, the same equitable principles relevant to the propriety of an injunction must be taken into consideration by federal district courts in determining whether to issue a declaratory judgment, and that where an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well.

As it relates to the attack on the local ordinance, the Supreme Court has further held in Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967), that the constitutionality of a local statute or ordinance is not a proper question for a three-judge-court. This in itself, even assuming a showing of irreparable injury, would foreclose three-judge-court consideration of the Houston City Ordinance involved in the instant case.

■ Applying the guidelines set out by the previously discussed case law, the Court's decision to refrain from intervention is supported by the fact that in the instant case plaintiff has made absolutely no showing of bad faith or harassment on the part of the law enforcement authorities involved. Furthermore, there is no indication that plaintiff cannot present her constitutional arguments in the course of the orderly disposition of the state criminal proceedings against her. Accordingly, this Court concludes that the plaintiff has not suffered, nor under the present state of the record will not suffer, both great and immediate irreparable injury of the nature required to authorize federal injunctive or declaratory judgment relief. It is felt that this is precisely the type of case to which the Supreme Court was addressing itself in its aforementioned recent pronounce-

ments condemning, except in very limited circumstances, federal court equitable and declaratory interference with pending state criminal prosecutions.

It is therefore Ordered that plaintiff's application for temporary restraining order, temporary injunction, permanent injunction and a three-judge-court is hereby in all respects denied and this cause is dismissed with costs to plaintiff.

The above constitute Findings of Fact, Conclusions of Law and the Final Judgment in this cause.

The Clerk will notify counsel.

## APPENDIX A

Article 607. "Vagrancy"; "prostitution" defined for purposes of article; accomplice's testimony

The following persons are and shall be punished as vagrants, viz.:

\* \* \* \* \* \*

(16) All persons who engage in prostitution, lewdness, or assignation.

\* \* \* \* \* \*

(19 All persons who aid, abet, or participate in the doing of any of the acts herein prohibited.

(20) The term "prostitution" as used in this Act shall be construed to include the giving or receiving of the body for sexual intercourse for hire, and shall also be construed to include the giving or receiving of the body for indiscriminate sexual intercourse without hire. The term "lewdness" shall be construed to include any indecent or obscene act. The term "assignation" shall be construed to include the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.

\* \* \* \* \* \*

Sec. 28–42. Indecent exposure; obscene or indecent acts; etc.

(a) It shall be unlawful for any person to expose his person in an indecent manner, or do any obscene or indecent act in any street or other public place, or in the presence of any person.

(b) It shall be unlawful for any person to appear in public in a state of nudity, or appear in public in the dress of the other sex.

