Robert Alan BROWN, Plaintiff,

v.

Honorable Louis J. CECI, County Court Judge, Branch No. 3, Milwaukee County,

and

E. Michael McCann, District Attorney, for Milwaukee County, Defendants.

No. 69-C-607.

United States District Court, E. D. Wisconsin.

April 5, 1971.

Order Aug. 31, 1971.

Terrance Pitts, Milwaukee, Wis., for plaintiff.

Gerald Pagel, Asst. Corp. Counsel, Milwaukee, Wis., for defendants.

## OPINION AND ORDER.

TEHAN, Chief Judge.

Defendants have moved to dismiss this action for declaratory and injunctive relief against enforcement of a state criminal statute under the civil rights statutes, § 1983, Title 42 U.S.C.A., § 1343 and § 2201, Title 28 U.S.C.A. The initial complaint prayed for invocation of a three-judge court under § 2281, et seq., Title 28 U.S.C.A.

According to the amended complaint, plaintiff was charged in a criminal complaint with the misdemeanor offense of possessing obscene matter in violation of § 944.22, Wis.Stats., which reads as follows:

"Whosoever knowingly has in his possession any lewd, obscene or indecent written matter or a lewd, obscene or indecent picture may be fined not more than $1,000 or imprisoned in the county jail not more than one year or both."

The allegedly obscene matter consisted of four magazines found in plaintiff's automobile when he was stopped for a traffic violation on October 16, 1969.

On December 3, 1969, plaintiff was found guilty of the offense by the Hon. Louis J. Ceci, County Court Judge, Branch No. 3, Milwaukee County, who imposed sentence of a fine of $100 plus costs to be paid within two weeks of date of the order or service of a term in the Milwaukee County House· of Correction if plaintiff failed to pay.

Plaintiff objected to the finding of guilty and imposition of sentence on the ground that § 944.22, Wis.Stats., was unconstitutional on its face, or as applied, in violation of his rights under the First and Fourteenth Amendments of the Constitution of the United States. The district attorney for Milwaukee County moved to dismiss the charge against plaintiff, but Judge Ceci denied the motion.

Plaintiff did not pay the fine and was advised that if he failed to do so by December 17, 1969, he would be incarcerated. However, after commencement of the instant action, defendants stipulated to non-execution of the sentence imposed by Judge Ceci until this case were decided.

The complaint herein specifically requests the following relief:

1. Declaration of the unconstitutionality of § 944.22, Wis.Stats.;

2. The permanent enjoining of the defendant judge from executing his order of payment of a fine or service of commitment in the House of Correction for violation of § 944.22.

3. The permanent enjoining of the defendant judge and the defendant district attorney from enforcing the state statute against plaintiff in the future.

4. Ordering the defendant judge to rescind his judgment of December 3, 1969, finding plaintiff guilty of the violation of § 944.22.

In support of the motion to dismiss, defendants contend that the court lacks jurisdiction of the cause; that the complaint fails to state a claim; and that there is no justiciable controversy. It is submitted that there are no exceptional circumstances in this case to warrant intervention in state court criminal proceedings by injunctive or declaratory relief as required under recent rulings of the Supreme Court in Younger v. Har-

ris; Samuels v. Mackell, and four companion cases.*

Although maintaining that in view of plaintiff's conviction there remains no further controversy sufficient to warrant relief under the declaratory judgment act, defendants contend that the requested relief would constitute intervention in pending state criminal proceedings restricted in the above cited cases. They further submit that the grant of equitable relief is inappropriate in that plaintiff had an adequate remedy at law in the state courts by appeal from his conviction.

As meeting the requirement of exceptional circumstances plaintiff relies on a claim of facial invalidity of the state criminal statute in issue in light of Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969) (decided some eight months prior to plaintiff's conviction) where it was held that the First and Fourteenth Amendments of the federal Constitution prohibit making mere private possession of obscene material a crime. Additionally, plaintiff contends that the recent federal Supreme Court decisions do not restrict the award of declaratory relief and the enjoining of future prosecutions requested in paragraphs 1 and 3 of the prayer for relief of the amended complaint.

■ The court is of the opinion that the facts in this case do not present the exceptional circumstances necessary to avoid the limitations of Younger v. Harris, restricting intervention in pending state criminal proceedings (the case being considered pending in view of the stay of execution of sentence on stipulation of the parties), Samuels v. Mackell, proscribing the grant of declaratory relief under such circumstances, and Boyle v. Landry, holding that speculative future prosecutions do not constitute the requisite irreparable harm to warrant intervention in state law enforcement proc-

ess. Thus, the motion to dismiss the action must be granted.

Before final disposition of this matter in accordance with the conclusions discussed above, the court takes note of certain unusual aspects of the case.

Plaintiff has represented to the court that he is unable to pay the fine imposed by Judge Ceci and thus faces the alternate penalty of incarceration. At the present time his remedy from the conviction by appeal is no longer available to him by lapse of time. When he commenced the instant case he could entertain a reasonable expectation that he could litigate the validity of the conviction and state criminal statute in this forum under Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) and other cases giving *Dombrowski* a liberal application. Thus he could not anticipate prejudice flowing from his failure to take timely appeal in the state courts.

These facts must be considered in light of the patent invalidity of the state criminal statute in issue which apparently is recognized by the defendant district attorney who moved, unsuccessfully, to dismiss the case against plaintiff in the state court.

■ The court believes it would constitute manifest injustice to leave plaintiff without a remedy because of recent holdings of the United States Supreme Court handed down long after this action was commenced. The traditional remedy to challenge the validity of a state court conviction on the ground of the unconstitutionality of the law on which conviction was founded lies in petition for federal habeas corpus. Indeed, the federal courts have not infrequently considered cases brought under the civil rights statutes in the nature of applications for habeas corpus to prevent circumvention of the requirement of exhaustion of state remedies. See for ex-

* Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669; Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696; Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688; Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701; Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792; Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781.

**721**

ample Edwards v. Schmidt, 321 F.Supp. 68, 70 (W.D.Wis.1971) and United States of America ex rel. Stephen J. Kalec v. Louis D. Dellinger, Jr. (7th Cir. Order entered October 27, 1970). Plaintiff should be afforded the opportunity to invoke this remedy if he so desires. This court has every confidence that the courts of the State of Wisconsin if presented with the issue will determine the question of the validity of the state criminal statute in issue in accordance with applicable and controlling decisions of the Supreme Court of the United States.

In accordance with the foregoing opinion the court hereby enters the following order:

Defendants' motion to dismiss the action is granted, with entry of the order of dismissal deferred for a period of 60 days to afford plaintiff opportunity to invoke any available state corrective process to satisfy the requirement of § 2254, Title 28 U.S.C.A., if he desires to seek relief under petition for habeas corpus.

Further, the order confirming the stipulation of the parties that execution of the sentence imposed by Judge Ceci be stayed, previously entered in this case on December 12, 1969, is continued until final disposition of the matter.

## ORDER

On April 5, 1971, this court, on motion of the defendants, ordered dismissal of the action with deferral of entry of said order for a period of 60 days to afford plaintiff opportunity to seek relief under petition for writ of habeas corpus.

Plaintiff having failed to pursue any further remedies in this court in respect to the cause alleged in the complaint herein within the specified time,

Now, therefore, it is ordered that the action be and it is hereby dismissed.