Alfred L. KENNAN, M.D., et al.,
Plaintiffs,

v.

Gerald C. NICHOL, Individually and as District Attorney, Dane County, State of Wisconsin, his agents, assistants, and all those acting in concert or cooperation with him to enforce Wisconsin Statutes 940.04(1) and (5), Defendants.

No. 71–C–118.

United States District Court,
W. D. Wisconsin.

April 27, 1971.

---

**614**

David C. Pappas and Charles P. Dykman, Madison, Wis., for plaintiffs Alfred L. Kennan, M.D., and Adrienne H. Campbell; Prof. George Bunn, Madison Wis., of counsel.

Percy L. Julian, Jr., Madison, Wis. for plaintiffs Smirnoff and Bashore.

Mary V. Bowman, Asst. Atty. Gen., Howard B. Hickman, Asst. Dist. Atty., Madison, Wis., for defendants.

## OPINION AND TEMPORARY RESTRAINING ORDER

JAMES E. DOYLE, District Judge.

Plaintiffs attack Sections 940.04(1) and (5) of the Wisconsin Statutes, contending that they violate the Constitution of the United States. Section 940.-04(1) provides that any person, other than the mother, who intentionally destroys the life of an unborn child may be punished by fine or imprisonment or both. Section 940.04(5) excepts from the prohibition a "therapeutic abortion," which it defines. For the purposes of subsections (1) and (5), an unborn child is defined as "a human being from the time of conception until it is born alive."

In verified pleadings filed April 26, 1971, plaintiffs Kennan, Smirnoff, and Bashore, allege that on April 19, 1971, at the direction of the defendant district attorney and pursuant to a search warrant issued by a judge of a state court of Wisconsin, police entered the medical offices occupied by plaintiff Kennan in connection with his specialized practice in the performance of abortions, in which office plaintiffs Smirnoff and Bashore were employed as social workers, and that the police seized a number of pieces of equipment and files and records. They allege that on April 19 and 20, the defendant made public statements threatening their imminent arrest under Section 940.04(1). They allege that on April 21, 1971, the defendant caused a criminal prosecution to be initiated against them by causing to be filed in a state court criminal complaints against them alleging violations of Section 940.04(1).

A complaint was filed in this court by the plaintiff Kennan on April 20, 1971, alleging that he was threatened with a criminal prosecution in the state court under the anti-abortion statute and asserting its unconstitutionality under the United States Constitution. On April 20, I entered an order to the defendant district attorney to show cause on April 26 why he should not be restrained from enforcing Section 940.04(1) against Kennan. On April 26, 1971, an amended complaint was filed by plaintiff Kennan, and another by plaintiff Campbell, and on April 26, 1971, plaintiffs Smirnoff and Bashore moved for leave to intervene, were granted leave in the absence of objection, and filed a complaint.

In her verified complaint, plaintiff Campbell alleges that she is a married woman living in this district and bearing an unquickened child by her husband, that she and her husband do not wish to have the child, that she was scheduled to have an abortion on May 3, 1971, at the offices of the plaintiff Kennan in the city of Madison in this district, that she cannot afford to go to New York or elsewhere out of state where abortions can be performed legally, and that the criminal prosecution

against plaintiff Kennan and the seizure of the medical equipment are preventing her from obtaining the abortion in this district. She undertakes to sue on behalf of a class consisting of members similarly situated.

By affidavit, plaintiff Kennan alleges that the effect of the seizure of the records and equipment in his office is to prevent him from continuing to perform abortions, and that there are over 300 females for whom appointments for the performance of abortions are presently scheduled.

For the purpose of deciding the motion for a temporary restraining order, and for no other purpose, I find the facts to be as I have summarized them above.

In Babbitz v. McCann, 310 F.Supp. 293 (E.D.Wis.1970), a three-judge court consisting of Circuit Judge Kerner and District Judges Reynolds and Gordon, entered judgment declaring that Sections 940.04(1) and (5) violate the Constitution of the United States. My understanding is that this declaratory judgment has not been reversed or modified by any appellate court. In the same action, the same three-judge court later in 1970 enjoined the district attorney of Milwaukee County and a judge of a county court of Milwaukee County from continuing or initiating prosecutions under Secs. 940.04(1) and (5). 320 F.Supp. 219. On April 19, 1971, the Supreme Court of the United States vacated this injunctive judgment and remanded the case to the three-judge court in the Eastern District of Wisconsin for reconsideration in light of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669 (1971); and Samuels v. Mackell and Fernandez v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

In view of the declaratory judgment by the three-judge court in *Babbitz,* and also in view of a similar decision with respect to a similar Illinois statute by a three-judge United States District Court in Doe v. Scott, 321 F.Supp. 1385, 1390 (N.D.Ill.1971), appeal pending, Supreme Court Docket Nos. 1522, 1523, I conclude that plaintiffs here enjoy a reasonably good chance for ultimate success in this lawsuit on the merits, if it eventuates that a federal three-judge court is free to pass, and does pass, upon the federal constitutional contention.

■ I find that jurisdiction in this court is present. 28 U.S.C. § 1343(3); 42 U.S.C. § 1983.

The principal question, with respect to the availability of temporary injunctive relief, is whether the plaintiffs have a reasonably good chance ultimately to persuade a federal three-judge court that it should not abstain from acting on the merits of their constitutional claim, and from granting appropriate relief if they prevail on the merits. This question of abstention is rendered unusually difficult by reason of the opinions and orders entered by the Supreme Court of the United States on February 23, 1971, in Younger v. Harris, No. 2; Boyle v. Landry, No. 4, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696; Samuels v. Mackell, Nos. 7 and 9; Perez v. Ledesma, No. 60, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701; Dyson v. Stein, No. 41, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781; and Byrne v. Karalexis, No. 83, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792.

The complaint by plaintiff Kennan was filed in this court on April 20, when he was clearly threatened with a criminal prosecution in the state court but before that prosecution had been commenced. Thus this case presents a situation which was expressly excluded from consideration by the Supreme Court of the United States in its February 23, 1971, decisions. See Younger v. Harris, 401 U.S. at p. 41, 91 S.Ct. at p. 749, and the concurring opinion by Mr. Justice Brennan in Perez v. Ledesma, 401 U.S. at p. 117, 91 S.Ct. at p. 693, n. 9. It is contended here by the defendant that this chronological sequence of the commencement of the federal suit and the state court prosecution is too artificial to serve as a basis for determining

whether a federal court should abstain. However, from the point of view of those who had sought a federal forum in the cases decided by the Supreme Court of the United States on February 23, 1971, the chronological sequence also appeared to be artificial, but a majority of the Supreme Court was prepared to regard it as decisive in those cases.

■ Of course, even if a federal court is not otherwise bound to abstain, in order to obtain temporary injunctive relief, a plaintiff must demonstrate that irreparable injury will occur if the relief is denied. Assuming that there is a federal constitutional right vested in a physician to perform abortions upon an unquickened embryo and a federal constitutional right vested in a pregnant woman to decide whether she should carry or reject an unquickened embryo (and I have concluded above that the plaintiffs enjoy a reasonably good chance to prevail in these contentions if the merits are reached by a three-judge federal court), then it clearly follows that to withhold a temporary restraining order is to permit this constitutional right to be lost irreparably with respect to the physician and those women for whom he could otherwise perform the operation in the meantime. For the present, I need not decide, finally, whether the interests of pregnant women can be considered in a suit to which only the physician is a party (only plaintiff Kennan's complaint was filed prior to the commencement of the criminal prosecution in the state court), but should this become a critical issue in this suit, Griswold v. Connecticut, 381 U.S. 479, 481, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), causes me to conclude that plaintiffs enjoy a reasonably good chance ultimately to prevail in the contention that the physician does enjoy standing to raise the constitutional rights of his patients and potential patients.

For the reasons stated, I conclude that the plaintiffs enjoy a reasonably good chance to prevail in their contention that a three-judge federal court should not abstain in this action,[1] and in their contention that Sections 940.04(1) and (5) violate the Constitution of the United States, and that injunctive relief is necessary to avoid irreparable injury.

Upon the entire record herein, and pursuant to 28 U.S.C. § 2284(3), it is hereby ordered that, until further order of the court:

(1) the defendant, and any and all persons acting in concert with him or at his direction or under his control, are hereby restrained from further enforcement, against the plaintiffs herein, of Sections 940.04(1) and (5), Wisconsin Statutes, in any case involving "an embryo of four months or less" (Babbitz v. McCann, 310 F.Supp. 293, 301); and

(2) the defendant, and any and all persons acting in concert with him or at his direction or under his control, are hereby ordered to deliver to the plaintiff Kennan, on or before April 30, 1971, either the originals, or true and complete copies, of all of the documents seized April 19, 1971, which relate to persons who are or may be candidates for abortions on and after that date, and also the two Gomco vacuum pump machines seized April 19, 1971; and

(3) the plaintiffs, and each of them, and all persons acting in concert or cooperation with them, or at their direction, or under their

---

1. I would be strengthened in this view if it appeared that the Supreme Court of Wisconsin had already had the chance to pass upon the federal constitutionality of Section 940.04(1) and had rejected the challenge. From the incomplete information available to me, it appears that the Supreme Court of Wisconsin has had such an opportunity, State ex rel. Harling v. Superintendent, April 13, 1970, but its opinion in that case leaves me uncertain whether the Court intended to reject the constitutional challenge on its merits.

control, are to refrain from destroying or mutilating any of the items, documentary or otherwise, covered by (2), above, unless authorized to do so by further order of the court; and

(4) if the defendant believes that he is unable to comply with the provisions of subparagraph (2), above, he may show cause, on or before April 30, 1971, why he should be relieved of the duty to comply therewith.