**Gerald S. CORBETT, by his parent and natural guardian, Ruth Corbett, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**George A. BOWMAN, Jr., et al., Defendants.**

**No. 70–C–418.**

United States District Court, E. D. Wisconsin.

May 3, 1971.

Timothy P. Garrity and Robert D. Repasky, Milwaukee, Wis., for plaintiff.

John Peter Genrich, Asst. Dist. Atty., Milwaukee, Wis., Robert P. Warren, Atty. Gen., of Wis. by Jon Peter Genrich, Asst. Atty. Gen., Madison, Wis., for defendants.

FAIRCHILD, Circuit Judge and TEHAN and GORDON, District Judges.

### ORDER

PER CURIAM.

This action challenges the constitutionality of the Wisconsin statute which provides for the filing of a juvenile delinquency petition without first holding a preliminary hearing or establishing probable cause before an independent magistrate. Sec. 48.19, Wis.Stats. Declaratory and injunctive relief are sought. The complaint avers that a delinquency petition was filed against Gerald S. Corbett alleging that he had committed certain acts of delinquency. Pursuant thereto, a summons was issued and a trial relative to such petition was scheduled to be held in the children's court.

When the United States Supreme Court decided Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), it determined as a matter of national policy that federal courts should not interfere with pending state criminal prosecutions in the absence of exceptional circumstances. See also Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971); Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971); Perez v. Ledesma, 401 U.S.

82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); and Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971), all decided at the same time as Younger v. Harris.

Although the case at bar involves juvenile proceedings, we see no logical reason for our applying a different rule from that contained in the foregoing cases. There are no exceptional circumstances in the case at bar to warrant our intervention, and we have concluded that any action other than dismissal on the part of this court would be inappropriate.

We do not reach the merits of the issues raised in the case at bar, and our dismissal is designed to comply with the recent decisions of the United States Supreme Court. The constitutional objections advanced by the plaintiff may properly be raised in the state courts.

Therefore, it is ordered that the instant case be and hereby is dismissed.