444 F.2d 533
 William M. HODSDON, also known as William Merrill Hodsdon
v.
W. Laird STABLER, Jr., Attorney General of the State of
Delaware and Ruth M. Ferrell, a Deputy Attorney
General of the State of Delaware, Appellants.
No. ,19097.
 United States Court of Appeals, Third Circuit.
 Argued June 3, 1971.
Decided June 29, 1971.
 
 Mason E. Turner, Kent Walker, Deputy Attys. Gen., Wilmington, Del. (David P. Buckson, Atty. Gen., Dover, Del., Ruth M. Ferrell, State Sol., Wilmington, Del., on the brief), for appellants.
 William E. Taylor, Jr., Wilmington, Del. (Taylor, Lindh, Paul & Abramo, Wilmington, Del., on the brief), for appellee.
 Before McLAUGHLIN, ALDISERT and GIBBONS, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 On May 11, 1970, the declaratory judgment of the District Court in this appeal, holding the relevant portion of the Delaware Flag Desecration Statute (11 Del.C. 532) unconstitutional on its face, was rendered in favor of appellee. The latter was then and still is the defendant in a pending State of Delaware criminal action based upon a violation of that Statute. The District Court denied appellee's request for an injunction against the defendants.
 
 
 2
 On February 23, 1971, the United States Supreme Court decided a number of cases which effectively present the role of the Federal Courts with respect to intervention by injunction or declaratory relief in a criminal matter then pending in a State court. Those decisions are Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669; Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688; Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701; Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 and Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792. Under these decisions, particularly Younger and Samuels, appellee is not entitled to either injunction or declaratory judgment while the Delaware criminal action against him is pending in the courts of that State.
 
 
 3
 The judgment of the District Court will be reversed. The case is remanded to said Court which is directed to dismiss the complaint herein. Costs will be taxed against appellee.