**Larry N. OLINGER, Plaintiff,**

**v.**

**CITY OF PALM SPRINGS, a Municipal Corporation, et al., Defendants.**

**Civ. No. 74–2476–AAH.**

United States District Court,
C. D. California.

Jan. 7, 1975.

Michael M. Berger of Fadem, Berger & Stocker, Beverly Hills, Cal., for plaintiff.

Robert E. Jones of Jones & Wilson, Los Angeles, Cal., and Raymond E. Ott, City Atty., for defendant City of Palm Springs.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civ. Div., Ernestine Tolin, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

This matter having come on for hearing on December 9, 1974 at the hour of 10:00 A.M. before the Honorable A. Andrew Hauk, United States District Court Judge, in his courtroom, United States Courthouse Building, 312 North Spring Street, Los Angeles, California upon the defendant's Motion to Dismiss Action for Failure to State Claim Against Defendant City of Palm Springs, and

The defendant City of Palm Springs having appeared through its counsel Jones & Wilson by Robert E. Jones, and The United States of America, et al. having appeared through its counsel, Mrs. Ernestine Tolin, Assistant U. S. Attorney, and Larry N. Olinger, plaintiff having appeared through his counsel, Michael M. Berger and evidence both oral and documentary having been presented to the court, and good cause appearing therefore; the court now finds and concludes as follows:

### FINDINGS OF FACT

#### I

Plaintiff Larry N. Olinger, of American Indian descent, is the owner of certain real property held in trust by the United States Government consisting of approximately twenty acres described as:

Section 12, Township 4 South, Range 4 East San Bernardino Meridian, West side of Farrell Drive between Chia Road (extended) and Tachevah Drive.

Said property is located in the City of Palm Springs, State of California.

#### II

The defendant United States of America was named as a defendant by virtue of its interest in plaintiff's property. The defendants Roger C. B. Morton, Secretary of the Interior, Morris Thompson, Commissioner of Bureau of Indian Affairs, William E. Finale, Area Director of Bureau of Indian Affairs, Richard S. McDermott, Director of Palm Springs Office Bureau of Indian Affairs, are named as defendants by virtue of their duties as guardians of Indian rights.

#### III

The defendant City of Palm Springs is a municipal corporation organized and existing under the laws of the State of California.

#### IV

For many years prior to July of 1973, the subject property had been zoned R–1 b, a residential zone.

#### V

On or about June 30, 1973, the City Council of the City of Palm Springs adopted a general plan and zoning ordinance which changed the zoning of the subject property from R–1 b, a residential zone, to 0–5, an open land zone.

#### VI

Plaintiff submitted to the Palm Springs City Planning Commission a proposal seeking approval for a single family residential plan development of the subject property pursuant to the law and criteria of the City of Palm Springs. On or about April 24, 1974, the Palm Springs City Council rejected plaintiff's offer above-noted.

#### VII

The stated reason for the City of Palm Springs' rejection of plaintiff's proposal was that such development was not compatible with the 0–5 zoning adopted by the city in June, 1973 because of the impact on the subject property of the noise of the city's airport.

#### VIII

Plaintiff alleges he had been deprived of his rights, attributes and indicia of ownership in that:

(a) Plaintiff has been deprived of any reasonable use of his property in

that he has been compelled to devote the subject property to "open space land" thereby destroying its value and unreasonably burdening the beneficial use of said land;

(b) Subject property cannot be sold because no knowledgeable buyer will buy the land;

(c) The City of Palm Springs by its alleged acts has imposed a direct legal restraint on the use of the subject property;

(e) The City of Palm Springs by its alleged acts has transformed plaintiff's privately owned property into property devoted to public uses (to wit, open space use).

### IX

By reason of the foregoing alleged acts of the City of Palm Springs, plaintiff prays for damages as follows:

(a) Loss of inherent value of subject property.

(b) Loss of reasonable use of subject property.

(c) Loss of economic benefit of subject property.

(d) Expenditures for land planning and engineering, made in reliance upon the applicable zoning of laws in conformance with the requirements set forth by the City of Palm Springs; all to the damage of plaintiff in the sum of $450,000.00.

### X

On or about October 31, 1974 defendant City of Palm Springs filed and served upon all parties and the court a Motion to Dismiss the Complaint on File pursuant to Federal Rules of Civil Procedure, Rule 12(b).

### XI

On December 9, 1974, a hearing was held on defendant City of Palm Springs' Motion to Dismiss before the Honorable A. Andrew Hauk. Appearing for plaintiff was Michael M. Berger; appearing for defendant City of Palm Springs, Robert E. Jones; appearing for defendants United States of America, et al., William D. Keller, Frederick M. Brosio, Jr., and Ernestine Tolin. After oral argument and due consideration, it was ordered that plaintiff's complaint be dismissed in its entirety as against all defendants without prejudice to the complaint being brought in a State Court.

## CONCLUSIONS OF LAW

### I

The gravamen of plaintiff's complaint rests with the application of zoning laws of the City of Palm Springs, State of California, and in particular is a request for damages based upon the doctrine of "inverse condemnation."

### II

■ A United States Federal District Court is a court of limited jurisdiction. As such, it must maintain:

"a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. This, perhaps for lack of a better and clearer way to describe it, is referred to by many as 'Our Federalism,' and one familiar with the profound debates that ushered our Federal Constitution into existence is bound to respect those who remain loyal to the ideals and dreams of 'Our Federalism.'" Younger v. Harris, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971).

■ As the Supreme Court stated in *Younger*, this concept does not mean a blind deference to "States' Rights" any more than it means centralization of control over every important issue in our National Government and its courts. The Framers of the Constitution rejected both of these courses. What the concept does represent is a system in which there is sensitivity to the legitimate in-

terests of both State and National Governments, and in which the National Government,

"anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." Younger v. Harris, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971).

This "proper respect for State functions" covers both civil and criminal functions of the State, in neither of which should a Federal District Court meddle if all of the plaintiff's Federal rights can be protected in a State proceeding. Byrne v. Karalexis, 401 U.S. 216, 217, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971).

This has come to be known as the doctrine of abstention formulated by the United States Supreme Court in numerous cases decided on February 23, 1971. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971); Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971); Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971).

This abstention doctrine has been followed in the Ninth Circuit. Rivera v. Freeman, 469 F.2d 1159 (9th Cir. 1972); Kinney v. Lenon, 447 F.2d 596 (9th Cir. 1971), and in our own District Court, Reese v. Nixon, 347 F.Supp. 314, 318 (C.D.Cal.1972), rev'd. on other grounds, No. 72–3070 (9th Cir. May 3, 1974); Georgeades v. Long, 379 F.Supp. 484, 486 (C.D.Cal.1973); Inland Empire Enterprises, Inc., v. Morton, 365 F.2d 1014 (C.D.Cal.1973).

### III

The facts alleged in plaintiff's complaint do not warrant any interference or intervention by this Court. In fact, the doctrine of absention prohibits it. Therefore plaintiff's complaint must be dismissed without prejudice to plaintiff's filing a similar complaint in a State court.

### IV

Plaintiff's complaint can be and should be properly brought in the California State Courts since plaintiff's complaint rests upon State action, the application and enforcement of zoning ordinances and laws, the exercise of the police power of the State, and all of plaintiff's rights, both Federal and State, can be litigated completely in the State courts without any harassment whatsoever.

Therefore, let judgment be entered accordingly.