**Harold Joseph HOLMES, Individually and on behalf, and as Representative, of the National Committee to Combat Fascism of New Orleans**

v.

**Clarence GIARRUSSO, Individually and in his official capacity, Jim Garrison, Individually and in his official capacity, Moon Landrieu, Individually and in his official capacity, and the Housing Authority of New Orleans.**

Civ. A. No. 70–3273.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Nov. 24, 1970.

James L. Alcock, Byron P. Legendre, Asst. Dist. Attys., New Orleans, La., for Jim Garrison.

Philip S. Brooks, New Orleans, La., for Moon Landrieu.

James M. Colomb, Jr., Guste, Barnett & Colomb, New Orleans, La., for The Housing Authority of New Orleans.

HEEBE, District Judge:

■ Plaintiff Harold Holmes brings this action individually and as representative of the National Committee to Combat Fascism of New Orleans. He seeks injunctive relief against defendants Clarence Giarrusso, Superintendent of Police of New Orleans, Jim Garrison, District Attorney of Orleans Parish, Moon Landrieu, Mayor of New Orleans, and The Housing Authority of New Orleans. Relief is sought under 28 U.S.C. § 1343 for alleged deprivations of plaintiff's civil rights. Plaintiff alleges he is being threatened with arrest for exercising his First Amendment rights under a criminal trespass statute which he contends is unconstitutional. For reasons given below, we dismiss his application for a temporary restraining order.[1]

The National Committee to Combat Fascism (hereafter NCCF), of which plaintiff is a member, is an association of black people advocating the political and social principles of the National Black Panther Party. Allegedly because they were unable to find alternative housing, plaintiff and other members of the NCCF, on the night of October 15, 1970, moved into one of the empty apartments in the Desire Housing Project, a predominately black public housing complex administered by The Housing Authority of New Orleans.[2] Subse-

Barry Portman, Robert Glass, Ernest L. Jones, Donald Juneau, New Orleans, La., for plaintiff.

Charles C. Foti, Jr., New Orleans, La., for Clarence Giarrusso.

1. Finding a substantial federal question, this Court will notify Chief Judge John R. Brown to constitute a three-judge district court pursuant to 28 U.S.C. § 2281 *et seq.*, to further consider plaintiff's application for injunctive relief.

2. Plaintiff also bases his entry on an alleged mandate from the people; that is

quent offers to pay rent by the NCCF were refused by The Housing Authority who demanded that the NCCF first vacate the apartment before The Housing Authority would consider their applications for tenancy. These negotiations having failed, on November 19, 1970, the police obtained arrest warrants against the plaintiff and other members of the NCCF for violation of certain provisions of Louisiana's criminal trespass statute. Plaintiff then sought the aforementioned injunctive relief.

 Recognizing the strong state interest in the administration of its criminal laws, the federal courts have long been wary of interposing federal power at the threshold stage of state administration of its criminal laws. Douglas v. City of Jeanette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). Every criminal proceeding brought lawfully and in good faith results in some incidental injury to the liberties of an accused who is vindicated. "[T]he mere possibility of erroneous initial application of constitutional standards will usually not amount to the irreparable injury necessary to justify a disruption of orderly state proceedings." Dombrowski v. Pfister, 380 U.S. 479, 485, 85 S.Ct. 1116, 1120, 14 L.Ed.2d 22 (1965). Only where a state deliberately assaults those basic liberties protected by our Constitution, must these considerations of federalism bow to the paramount federal interest. So, where a plaintiff shows that his First Amendment rights are being "chilled" by a prosecution about to be commenced with no "expectation of convictions but only to discourage exercise of protected rights," then such irreparable injury to those rights is threatened that a federal court of equity may enjoin that prosecution. Cameron v. Johnson, 390 U.S. 611, 621, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968); Dombrowski v. Pfister, *supra*.

Here, plaintiff is threatened with arrest for violation of 14 La.Rev.Stat. §

63, subd. A(2) which makes an "unauthorized and intentional entry upon any: \* \* \* [s]tructure \* \* \*" a criminal trespass. Plaintiff alleges that this statute suffers from those two traditional constitutional infirmities of vagueness and overbreadth in that it requires one to speculate at what an unauthorized entry might be and that it fails to set standards for what entries may be unauthorized, thus creating the possibility of regulating protected speech.

Moreover, plaintiff argues the threat of these proceedings will deter him and other members of the NCCF from exercising their First Amendment rights. He argues that his political activity is inextricably bound to a life style which includes living in the community he is attempting to organize politically.

 Without deciding whether this statute is constitutional or whether the plaintiff is exercising First Amendment rights, we deny this application for a temporary restraining order for we do not find here the irreparable injury which is a prerequisite to the interposition of federal power plaintiff requests. As *Cameron* and *Dombrowski* instruct us, plaintiff must show that these arrests are to be made in bad faith; that is, that the city has no expectation of convicting plaintiff but is merely threatening this arrest to discourage plaintiff from exercising his protected rights. We are unable to so find here. Instead we think the named defendants have, in good faith, attempted to administer a state criminal law which they think constitutional. Moreover, plaintiff can raise all the violations of his constitutional rights he alleges here at appropriate stages of any state criminal proceedings instituted against him. Accordingly,

It is the order of the Court that plaintiff's application for a temporary restraining order be, and the same is hereby, denied.

a petition signed by an undetermined number of Desire residents requesting the NCCF to move into the vacant apartment and presumably use it as a center for political activity in the community.