Steve **SCOTT**

v.

Robert **FREY** et al.

**Civ. A. No. 70–2076.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

June 30, 1971.

366

1. See Stipulation and Amended Stipulation of Facts filed in the record.

---

Jack Peebles, Metairie, La., for plaintiff.

Charles R. Ward, Asst. City Atty., New Orleans, La., for defendants.

MITCHELL, District Judge.

Plaintiff is the manager of the Studio Cinema theatre, located in New Orleans, Louisiana. He brought suit under 28 U.S.C. § 1443 and 42 U.S.C. § 1983, charging defendants, who are members of the New Orleans Police Department, with having wrongfully seized three films, two of which had been exhibited to plaintiff's theater patrons.

Plaintiff seeks an injunction ordering the return of the films and an injunction against future seizures under state or city obscenity statutes (1) not preceded by an adversary hearing upon the issue of obscenity and (2) without a warrant setting forth specifically the items to be seized. The facts are not in dispute.[1]

On July 14, 1970, defendants viewed several films being projected to adult patrons of the Studio Cinema theatre. After concluding the films were obscene under state and city laws,[2] defendant

2. La.R.S. 14:106 and New Orleans City Ordinance 828 M.C.S. 42–46.

Charles Credo filed an affidavit in support of an application for a search warrant, which contained descriptions of scenes totalling some five minutes viewing time.

Based upon Officer Credo's application and without viewing the films or holding a prior adversary hearing, Judge Malcohm O'Hara of the Criminal District Court for the Parish of Orleans issued an *ex parte* warrant authorizing the seizure of "obscene movies".

Defendants thereafter returned to the theatre and, although plaintiff, the manager of the theatre was not arrested, defendants arrested the projectionist and ticket-taker and seized three reels of films to be used as evidence in state criminal prosecutions.

One reel of film, which had never been exhibited at the theatre, was viewed by defendants by holding it to the light to determine its content. This was done after the arrests and seizures were made.

A motion picture, like a book, is entitled to the protection of the First Amendment.[3] However, obscenity is not within the area of constitutionally protected speech or press.[4] Although a state is not free to adopt whatever procedure it pleases for dealing with obscenity without regard to possible consequences for constitutionally protected speech,[5] it

does possess the power to prevent distribution of obscene matter.[6]

We are not called upon to decide whether the films were, in fact, obscene, nor is the constitutionality of the state and local obscenity laws here challenged.

The real question here posed is whether law enforcement officers may, for the purpose of obtaining evidence for use in a criminal prosecution, seize a single print of a film (as opposed to cases involving mass seizure of books)[7] without a prior adversary hearing.

In the past two years there has been a stampede on the federal courts seeking injunctive relief against state action involving state obscenity statutes. The vast majority of the courts have adopted the general proposition that a prior adversary judicial determination must be made before allegedly obscene material may be seized.[8]

Some courts, however, held that pursuant to a warrant, or as an incident to a lawful arrest, law enforcement officers had the right to seize instrumentalities of crime, including a single print of a film for evidentiary purposes, without first having a prior judicial adversary hearing.[9]

In Bazzell v. Gibbens, *supra*, the court reasoned that whether or not such a hearing is required depended on the nature and purpose of the seizure—if made

3. Joseph Burstyn, Inc. v. Wilson, 343 U.S. 495, 72 S.Ct. 777, 96 L.Ed. 1098 (1952); Interstate Circuit Inc. v. City of Dallas, 390 U.S. 676, 88 S.Ct. 1298, 20 L.Ed.2d 225 (1968).

4. Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); Jacobellis v. Ohio, 378 U.S. 184, 84 S.Ct. 1676, 12 L.Ed.2d 793 (1964); Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969).

5. Marcus v. Search Warrants, 361 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961); Lee Art Theatre, Inc. v. Virginia, 392 U.S. 636, 88 S.Ct. 2103, 20 L.Ed.2d 1313 (1968).

6. Smith v. California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959).

7. A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809 (1964).

8. Bethview Amusement Corp. v. Cahn, 416 F.2d 410 (CA 2–1969) cert. den. 397 U.S. 920, 90 S.Ct. 929, 25 L.Ed.2d 101 (1970); 208 Cinema, Inc. v. Vergari, 298 F.Supp. 1175 (S.D.N.Y.1969) 421 F.2d 1271 (CA 2–1969) cert. den. 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 114 (1970); Tyrone v. Wilkinson, 410 F.2d 639 (CA 4–1969) cert. den. 396 U.S. 985, 90 S.Ct. 478, 24 L.Ed.2d 449 (1970).

9. Bazzell v. Gibbens, 306 F.Supp. 1057 (E.D.La.1969); Grove Press v. Bailey, 318 F.Supp. 244 (D.C.Ala.1970); Rage Books v. Leary, 301 F.Supp. 546 (S.D. N.Y.1969); United States v. Wild, 422 F.2d 34 (CA 2–1969); Mowers v. Rosenblatt, 432 F.2d 437 (CA 3–1970).

for the purpose of destroying the thing seized or to prevent the dissemination of the articles seized, then an adversary hearing prior to seizure is mandated to prevent running afoul of the First Amendment, but if a single copy of a film is seized for the sole purpose of preserving it for evidence to be used in a criminal action, such seizure does not violate the Fourth Amendment.

Recent Supreme Court decisions [10] held that a federal court may not enjoin pending state court proceedings except under special circumstances. Those cases are distinguishable in that, although state criminal proceedings were pending against two of plaintiff's employees at the time he instituted this action, none was pending against him; nor does plaintiff in this action seek to enjoin any criminal prosecutions pending in the state courts.

To order a return of the films seized while state criminal prosecutions are pending against two of plaintiff's employees would, in our opinion, be a most unwarranted interference with the orderly procedure and operation of the state criminal process. This, in effect, would be to suppress the use of this evidence in the state prosecutions.

In a prosecution for obscenity the best evidence as to whether or not a picture is obscene is the picture itself. Without it the prosecution of plaintiff's employees will be seriously handicapped if not rendered impossible.

■■ The propriety of the admissibility of evidence in state criminal actions are ordinarily matters to be resolved by state tribunals [11] and only in cases of proven harassment where irreparable injury can be shown is federal injunctive relief justified.[12] State courts have the obligation, and equal competence with the federal courts, to enforce constitutional rights.[13]

■ Under the facts of this case, we conclude that plaintiff is not entitled to injunctive relief.

In order to qualify under the Dombrowski doctrine [14] and its progeny, plaintiff must show that defendants acted in bad faith in the use of the state's legal machinery with the purpose of deterring or inhibiting plaintiff in the exercise of his First Amendment rights so as to amount to irreparable injury.[15] This plaintiff has failed to do.

There is nothing in the record to suggest that defendants were doing anything more than attempting to enforce the State's criminal laws, in good faith. We find no irreparable damage in the form of bad faith prosecution, harassment or otherwise that would allow us to interfere with the operation of the state criminal process.[16]

Let judgment be entered dismissing plaintiff's suit.

10. Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971); Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971); Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); Byrne v. Karalexis, 401 U.S. 216, 91 S. Ct. 777, 27 L.Ed.2d 792 (1971).

11. Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951).

12. Perez v. Ledesma, *supra*.

13. Lewis v. Kugler, 324 F.Supp. 1220 (D.C.N.J.1971).

14. 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed. 2d 22 (1965).

15. Sheridan v. Garrison, 415 F.2d 699 (CA 5–1969); Ascheim v. Quinlan, 324 F.Supp. 789 (U.S.D.C.Pa.1971); Gordon v. Christenson, 317 F.Supp. 146 (D.C. Utah 1970).

16. Perez v. Ledesma, *supra*; Holmes v. Giarrusso, 319 F.Supp. 832 (E.D.La. 1970).