**TAPE HEAD COMPANY, Inc., et al.,**
**Plaintiffs-Appellees,**

v.

**R C A CORPORATION et al.,**
**Defendants-Appellants.**

No. 71-1714.

United States Court of Appeals,
Tenth Circuit.

Dec. 3, 1971.

A. Bob Jordan, Rogers, Travis & Jordan, Oklahoma City, Okl., Fred M. Standley and Boston E. Witt, Santa Fe, N. M., Wayne L. Black, Salt Lake City, Utah, for plaintiffs-appellees.

Howard S. Smith, Los Angeles, Cal., L. R. Gardiner, Jr., Salt Lake City, Utah, for defendants-appellants.

Before McWILLIAMS, BARRETT and DOYLE, Circuit Judges.

## MEMORANDUM AND ORDER
### PER CURIAM.

On November 30, 1971, the following motions in the above captioned case were orally argued to this court: (1) The motion of all defendants for suspension and stay of the preliminary injunction issued by the district court on November 22, 1971; (2) the motion of the defendants for a stay of all proceedings in the district court pending appeal; and (3) the motion of all defendants for an expedited hearing of appeal.

Some chronology will place the controversy in focus. On November 19, 1971 (a Friday), after hearing, the Honorable Willis W. Ritter, Judge of the United States District Court for the District of Utah, Central Division, announced in open court that he would grant the preliminary injunction sought by the plaintiffs, at which time the defendants immediately made a verbal request for a stay pending appeal of said preliminary injunction with the district court directing counsel to make their application for a stay in writing. On November 20, 1971 (a Saturday), the district court signed the preliminary injunction order, at which time the defendants then tendered to the district court a written motion for a stay with the district court declining to accept the written motion and directing counsel to file the same with the clerk of the court on the following Monday. On November 22, 1971 (the following Monday), when the preliminary injunction which had been signed on the preceding Saturday was filed with the clerk of the court, the defendants filed their motion for a stay with the clerk of the court together with an application for an immediate hearing. Being unable to obtain an immediate hearing the defendants did on November 22, 1971, file a notice of appeal with the district court and on the following day filed with this court a combined motion wherein, as above indicated, the defendants sought: (1) a stay of the preliminary injunction; (2) a stay of all proceedings in the district court pending appeal; and (3) an order expediting hearing on appeal. On November 23, 1971, the aforesaid motion of the defendants was with the apparent consent of all concerned set by Chief Judge Lewis for oral argument before this court on November 30, 1970, at eleven o'clock a. m.

On November 29, 1971, the plaintiffs filed with this court a motion for a continuance grounded on the fact that the district court on November 24, 1971, had set the motion for a stay filed in the district court for hearing on December 6, 1971. This motion for a continuance

was also set for hearing on November 30, 1971, at eleven o'clock a.m.

■ On November 30, 1971, a panel of this court heard oral argument on the several motions thus set for hearing. The plaintiffs' motion for a continuance was denied verbally from the bench and an order to such effect is now entered. In denying the motion for a continuance this court recognized that Rule 8, F.R. A.P. provides that a stay must ordinarily be sought in the first instance in the district court but notes that the rule further provides that a motion may also be made to the court of appeals where, as here, a stay was first requested from the district court and the district court has failed to afford the relief requested and a notice of appeal has thereupon been filed.

Additionally, Rule 62, Fed.R.Civ.P., provides that unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal, thereby recognizing that a trial court having once determined by its entry of a preliminary injunction that the status quo should be changed, generally should not revert back to the status quo by staying its own injunction order.

Oral argument then ensued on the merits of the combined motion of the defendants for a stay of the preliminary injunction, a stay of all proceedings pending appeal, and an expedited hearing on appeal. At the conclusion of this hearing, these matters were taken under advisement.

■ On November 30, 1971, the plaintiffs filed in open court a motion to dismiss the appeal on the ground that the appeal was premature in that there is no final order from which an appeal could be taken at this time. The motion to dismiss is hereby denied, the court being of the view that the preliminary injunction issued by the trial court is a final and appealable order. 28 U.S.C. § 1292.

The present controversy has to do with the copying and commercial use of musical recordings of the defendants by the plaintiffs. The substance of the action instituted by plaintiffs in the district court is that the defendants are threatening to file state court actions seeking to enjoin the plaintiffs from continuing these practices on the basis that these actions constitute pirating of material in which defendants claim that they have property rights. The complaint alleges that jurisdiction exists by virtue of there being diversity of citizenship between the parties and, secondly, allegedly the matter arises under the copyright laws of the United States. This latter position is based on the enactment by Congress of a statute, effective February 15, 1972, giving copyright protection to musical recordings such as those made by the defendants.

The district court heard evidence and concluded that the plaintiffs were entitled to the relief requested and entered a preliminary injunction in the following terms:

"WHEREFORE IT IS ORDERED, ADJUDGED AND DECREED that the defendants and their subsidiary corporations, their agents, servants, employees, attorneys, and all other persons in concert or participation therewith having knowledge hereof, including but not limited to officers, agents and attorneys of the Harry Fox Agency, New York City, New York, be and each of them are hereby enjoined, until the further Order of this Court, from:

interfering with or harassing the plaintiffs or other retailers or distributors of musical magnetic tapes, their officers, agents, attorneys and employees, in the normal operations and conduct of their business by instituting or prosecuting any legal or equitable actions in the courts of and in the several states against the Plaintiffs or any other persons, including actions presently pending, relating to the manufacturing, pro-

ducing, distributing or selling of magnetic musical tapes, or otherwise."

We are of the view that a stay of the district court's preliminary injunction should be and the same hereby is granted for the following reasons:

■ 1. The basic premise of plaintiffs is that Congress, in making the mentioned Act pertaining to recordings effective February 15, 1972, thereby manifested an intention to grant persons in the position of the plaintiffs a *carte blanche* right to copy these records free of any restrictions existing under various state laws, common or statutory. The enactment served to make the copyright effective February 15, 1972, and a side effect or implied consequence that Congress thereby preempted this field prior to February 15, 1972, does not follow. In fact, the Act itself provides that its terms should not be applied retroactively or "be construed as affecting in any way any rights with respect to sound recordings fixed before the effective date of this Act." Thus, it cannot be said that any actions commenced by defendants prior to that date are void and abortive. It is highly questionable from the authorities presented that plaintiffs have, as a result of the Act of Congress, acquired a right to convert and use these recordings with impunity prior to February 15, 1972.[1]

■ 2. The injunction is grossly broad and inclusive, enjoining as it does actions to be commenced against the plaintiffs or any other persons in a class similarly situated, including all actions in the whole of the United States, together with all actions which have been heretofore filed. Plaintiffs have alleged that this is a class action, but it has not yet been determined to be a class action and even if it had been so determined, the breadth and scope of the injunction would, under the circumstances, have been excessive.

■ 3. There are presently no state court actions which have been filed against the plaintiffs. There have been threats of such actions, but there was no apparent necessity for the issuance of this injunction in favor of the plaintiffs. It is not apparent that Congress by entering the field has voided state unfair competition laws and has granted to the plaintiffs a license to appropriate the defendants' property, ideas and work.

■ 4. 28 U.S.C. § 2283 prohibits a court of the United States from granting an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress or where necessary in aid of its jurisdiction or to protect or effectuate its judgments. None of the exceptions noted in § 2283, *supra*, are here present since no actions have been filed against the plaintiffs in the State of Utah or elsewhere. Thus, there is no indication as to the nature of suits which are likely to be filed. Hence, it is not possible to determine whether any of the § 2283 exceptions are present.

■ 5. The state court actions with which plaintiffs allege to be threatened arise under state laws. The district court has not considered whether abstention would be proper in the light of recent Supreme Court decisions in Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701; Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669; Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696; Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688; and Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781. *See also* Byrne v. Karalexis, 401 U.S. 216, 91 S. Ct. 777, 27 L.Ed.2d 792.

---

1. We have examined the decisions of the Supreme Court in Sears, Roebuck & Co. v. Stiffel, 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964), and Compco Corporation v. Day-Brite Lighting, Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964), involving in the one instance a pole lamp and in the other a lighting fixture. These are not applicable for two reasons: The articles differ from ideas or compositions, and the Supreme Court has not held that persons who appropriate material such as is here involved are forever immune from *suit*.

In summary then we determine:

A. The present state of the record does not justify injunctive relief. It is not shown to be necessary or proper. Defendants have not filed any court actions against the plaintiffs and there is no immediate threat of such action.

B. Continuation of the preliminary injunction entered by the trial court by denial of the stay would in legal effect declare void any state court action which might be filed in the future, regardless of its form or character, as contrary to federal law and invalid at the threshold. This we cannot hold.

C. If an action were on file it is doubtful whether federal intervention would be proper in view of the restraints prescribed by 28 U.S.C. § 2283, which section proscribes federal injunctive action except in the specific exceptional instances set forth in the statute. None of these exceptions are shown to exist here.

D. Again, if an action or actions had been filed in state court the doctrine of abstention as enunciated in the noted Supreme Court decisions would probably preclude the granting of relief enjoining the state court proceedings.

E. The temporary injunction is grossly broad, indefinite and all inclusive. It proceeds as a class action without compliance with Rule 23 and forbids defendants from prosecution of unidentified actions throughout the nation and prohibits as well the instituting of actions against all members of an undefined class no matter who they are or where they are located.

F. We need not and do not finally decide the legal dispute as to whether the Act of Congress relied on by plaintiffs, which Act provides copyright protection to the defendants' recordings from and after February 15, 1972, operates to deprive the defendants of all property rights in their recordings and of all state remedies in the interim. It is sufficient to say that plaintiffs have failed to convince us that their position in this regard is so clear that they are entitled to immediate grant of the extraordinary abortive relief which the preliminary injunction provides.

At this preliminary stage at least the equities do not favor the plaintiffs. These plaintiffs are in the position of having appropriated work and effort of the defendants and of seeking post audit, so to speak, aid and approval of a court of equity demanding that it validate their actions.

For all these reasons, then, it is the order of this court that the defendants' motion for a stay of the district court's preliminary injunction heretofore entered on November 22, 1971, be and the same hereby is granted and it is the order of this court that said preliminary injunction is stayed till further order of this court.

That part of the defendants' motion seeking a stay of all proceedings in the district court pending review by us of the preliminary injunction should be and the same hereby is denied as being under the circumstances unwarranted and unjustified. That part of defendants' motion seeking an expedited hearing on appeal is for the time being held in abeyance.