**MERCURY RECORD PRODUCTIONS, INC., a Delaware corporation, et al., Plaintiffs,**

v.

**ECONOMIC CONSULTANTS, INC., d/b/a E–C Tape Service, et al., Defendants.**

**Civ. A. No. 73–C–16.**

United States District Court, E. D. Wisconsin. July 11, 1973.

Ronald L. Piette, Milwaukee, Wis., for plaintiffs.

Richard C. Ninneman, Milwaukee, Wis., for defendants.

## DECISION

REYNOLDS, Chief Judge.

The plaintiffs, nine record recording studios, initiated this action in the Circuit Court of Milwaukee County. They allege that the defendants are making tape reproductions of certain of their recordings and selling them to the public in competition with plaintiffs. These reproductions were made without the consent of the plaintiffs or the particular recording artists. No payment was made to the company or artist. Plaintiffs allege that this practice violates the state's unfair competition laws and that it is an infringement of plaintiff's common law copyright. Defendants removed the action to this court. It is before me now on plaintiffs' motion to remand and defendants' motion to amend the removal petition. I grant the plaintiffs' motion to remand.

Section 1441(b) of Title 28 of the United States Code provides for the removal of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States * * *." In order to remove an action to federal court under this section, the federal ground must either appear in the complaint or federal law must dominate the subject area so thoroughly that it must necessarily control the outcome of the case. IA Moore's Federal Practice at 472–481. The question in this case is whether the unfair competition or the common law copyright claim satisfies either of these criteria.

On its face, the allegation that state unfair competition laws have been violated clearly provides no federal ground for removal. Defendants contend, however, that in this case the result must depend on relevant copyright laws which are solely within the province of the federal government. They argue that Sears, Roebuck and Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964), and Compco Corp. v. Day-Brite Lighting, Inc., 376

U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964), require this result. In *Sears* and *Compco* the Supreme Court held that states could not use their unfair competition laws to prevent manufacturers from copying items which could not be patented under federal law. It follows, defendants feel, that federal copyright law prevents the states from stopping individuals from copying noncopyrightable musical recordings.

This issue has been specifically dealt with by several courts. In Tape Industries Association of America v. Younger, 316 F.Supp. 340 (1970), a nonstatutory three-judge court refused to hold California's "tape-piracy" law unconstitutional because it regulated an area preempted by the federal copyright laws. The judges distinguished between "copying" and "appropriating" and felt that tape pirating fell into the latter category. In Tape Head Company v. R.C.A. Corporation, 452 F.2d 816 (1971), the Tenth Circuit Court of Appeals specifically found that *Sears* and *Compco* did not apply in a similar set of circumstances. 452 F.2d at 819, footnote 1. A district court in Florida, however, held in International Tape Manufacturers Association v. Gerstein, 344 F.Supp. 38 (1972), that a Florida statute making it a crime to "pirate" sound recordings was unconstitutional. The Court in *Gerstein* felt that *Sears* and *Compco* implied that a state could not prevent individuals from copying a recording which was not copyrighted.

I agree with the majority. I think that *Gerstein* pushes the logic of *Sears* and *Compco* too far. The distinction between copying and appropriating is, under the circumstances of this case, extremely subtle, but it is a valid distinction. It may be in the public interest to make nonpatentable or noncopyrightable ideas, designs, or compositions freely available to the public. It does not fol-low, however, that when a manufacturer uses its money, personnel, and technical expertise to produce a merchantable product, the final product may be used by anyone without limitation. I believe that record manufacturing companies attain an interest in their recordings which may be protected by state unfair competition laws.

■■ The alleged violation of plaintiffs' common law copyright also fails to provide a federal ground for removal. Federal copyright law is wholly statutory. Bobbs-Merrill Co. v. Straus, 210 U.S. 339, 346, 28 S.Ct. 722, 52 L.Ed. 1086 (1908). Common law copyrights may be regulated by the states and provide no basis for original federal jurisdiction. Wells v. Universal Pictures Co., 166 F.2d 690 (2 Cir. 1948); Smith v. Paul, 174 Cal.App.2d 744, 345 P.2d 546, 554 (1959). Therefore, to the extent that plaintiffs have a common law copyright in their recordings, an action for infringement of that copyright is properly brought in the state court.

■ I am also granting defendants' motion to amend the removal petition, but the amendment does not change the outcome of my decision to remand the action. Title 28, § 1338(b) of the United States Code provides for original federal jurisdiction over "any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws. The copyright law referred to in § 1338 is federal statutory law. See Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933); Musher Foundation v. Alba Trading Co., 127 F.2d 9 (2d Cir. 1942). The complaint in this action raises no issue of federal copyright law. Therefore, this court would not have original jurisdiction in this action under § 1338, and that section provides no justification for removal.