**Margaret GEORGEADES, Plaintiff,**

v.

**Richard J. LONG, as Chief of Police of the City of Santa Maria, et al., Defendants.**

**Civ. No. 73-1377-AAH.**

United States District Court,
C. D. California.
July 2, 1973.

Hecht, Diamond & Freis by Roger Jon Diamond, Pacific Palisades, Cal., for plaintiff.

John A. Van Ryn, City Atty., Santa Maria, for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

HAUK, District Judge.

### FINDINGS OF FACT

1. Plaintiff owns and operates a business known as the "Sting-Ray Room" in the City of Santa Maria, California, within the jurisdiction of the Central District of California, which business consists of the sale of alcoholic beverages and the presentation of entertainment. The presentation of entertainment is pursuant to a license from the City of Santa Maria.

2. The City of Santa Maria is a municipal corporation of the State of California within the Central District of California. The defendants named, in addition to the City, are the Chief of Police, the Mayor, the City Councilmen, and the City Attorney of the City of Santa Maria who, at all times relevant to this action, were engaged in performing their official duties in and on behalf of the City of Santa Maria, all within the Central District of California.

3. The City of Santa Maria, pursuant to its business licensing ordinance, defines entertainment of various kinds, and specifically defines entertainment to include the act of any waitress or other female employee of the type commonly known as "topless," which is defined in the said ordinance, which also provides that all such entertainment shall be conducted on a stage or upon an open floor area, such as a dance floor, separated from the area occupied by customers or patrons, at all times when entertainment is conducted.

4. The Plaintiff's business was licensed to provide "topless" entertainment in the manner and pursuant to the definitions and requirements of the said ordinance.

5. The said ordinance provides that all entertainers in said class of entertainment business, including the topless entertainment provided by the Plaintiff herein, must submit to and cooperate in identification procedures by the Police Department and no such business may employ any entertainers unless the person has an identification card approved by the Police Chief. The said ordinance further provides that "the Police Chief shall not certify the identification card above required if the criminal record of any person in his judgment indicates that the employment of that person in said business will present a proximate danger to the public health, welfare or safety."

6. On June 18, 1973, the Plaintiff filed a Complaint in this court seeking

an injunction to enjoin the enforcement of the said ordinance, and to declare it unconstitutional. The Plaintiff had been precluded from employing various female entertainers within the past year and beyond, because of the application of the ordinance described above, and because of the conduct of the defendants, in that the Chief of Police had arbitrarily denied certification of the identification cards required of them, naming a number of entertainers who were thus denied identification cards.

7. Many of the prospective entertainers were denied certification because of outstanding criminal cases pending against them, previous arrests leading to dismissal or acquittals, or because of convictions of misdemeanors, or felonies unrelated to their duties as entertainers.

8. In essence, the said Complaint states that the said ordinance delegates "virtual unbridled discretion" to the Police Chief, permitting him to be arbitrary in deciding who may be licensed as an entertainer, and that in doing so the ordinance is too vague and overbroad and, in effect, imposes a prior restraint on free speech, and that the administrative remedy provided in the said ordinance, to wit, an appeal to the City Council, is of no avail to the prospective entertainers whom the Plaintiff wished to employ because of the time permitted for review of their records, and the two-week period between meetings of the said City Council.

9. The only factual evidence before the Court was that set forth in the Plaintiff's verified Complaint.

10. The ordinance challenged herein has been in effect for several years. The Plaintiff has been engaged in business under and pursuant to that ordinance for several years.

## CONCLUSIONS OF LAW

1. There is no showing of irreparable harm which could support or justify a Temporary Restraining Order.

2. The ordinances and acts of the Defendants' complained of by the Plaintiff, did not and do not involve or result in the denial of a federally-protected right.

3. Permits applied for by prospective entertainers to be employed in the Plaintiff's business establishment were permits to act as entertainers and did not per se involve or fall within the definition of free speech or any other guarantee of the First Amendment to the Constitution of the United States.

4. The facts alleged in the Plaintiff's Complaint, the Application for Temporary Restraining Order and Order to Show Cause, and the Memorandum of Points and Authorities in support thereof, filed on behalf of the Plaintiff, do not warrant intervention of this court.

5. Furthermore the doctrine of "abstention" as enunciated by the Supreme Court of the United States prohibits this Federal Court from interfering with State actions against obscenity and hard core pornography. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971). See also California v. LaRue, 409 U.S. 104, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972).

## JUDGMENT

In accordance with the foregoing Findings of Fact and Conclusions of Law, it is hereby ordered, adjudged and decreed that the Plaintiff's Application for a Temporary Restraining Order and Order to Show Cause is hereby denied, and the Plaintiff's Complaint herein is hereby dismissed.